FILED
SUPERIOR COURT
OF GUAM

2018 FEB 12 PM 1:28

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>JONATHAN PETER NINETE aka Jonathan Peter Cepeda Ninete aka Jonathan Peter Cepeda,<br><br>Defendant. | CRIMINAL CASE NO. CF0541-15<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez. Pursuant to Rule 7.1(e)(6)(E) of the Local Rules of the Superior Court of Guam, Defendant Jonathan Peter Ninete aka Jonathan Peter Cepeda Ninete aka Jonathan Peter Cepeda's ("Defendant") Motion to Dismiss Based on Double Jeopardy was taken under advisement on November 15, 2017. Assistant Attorney General James C. Collins represents the People of Guam ("the Government"). Public Defender Stephen P. Hattori represents Defendant.[1] Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 11, 2015, Defendant was indicted with the following charges: (1) Promotion of Major Prison Contraband (Controlled Substance) (As a Second Degree Felony) –

---

[1] Prior to this, Defendant was represented by Attorney Howard Trapp. The Public Defender Service Corporation was appointed to represent Defendant on October 11, 2016, after Attorney Trapp withdrew from representing Defendant due to a conflict of interest. *See* Minute Entry, Sep. 26, 2016; Notice of Court Appointed Counsel, Oct. 11, 2016.

2 Counts; (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (3) Possession of a Schedule I Controlled Substance (As a Violation). (Indictment, Sep. 11, 2015). These charges are based on the discovery of suspected methamphetamines and marijuana on Defendant's person when he checked into the Hagatna Detention Facility for confinement. (Decl. of Sean Brown, Magistrate's Compl., Sep.4, 2015). Defendant was checking into the Hagatna Detention Facility on September 2, 2015 after being sanctioned by the District Court of Guam in relation to his federal case, District Court Case No. 08-CR-00013-003.

On October 17, 2017, Defendant filed a Motion to Dismiss Based on Double Jeopardy. On October 30, 2017, the Government filed its Opposition. On November 13, 2017, Defendant filed his Opposition.

## DISCUSSION

Defendant moves the Court to dismiss this matter because it violates Defendant's Fifth Amendment right against double jeopardy. Defendant argues that the conduct alleged in the instant matter and the facts underlying a probation revocation in his District Court of Guam Case constitute the same conduct and the same criminal episode. *See generally*, Mot. Dismiss, Oct. 17, 2017. On December 15, 2016, Defendant was sentenced to eighteen (18) months confinement based on an admission of guilt to six violations of probation, including two violations based on the commission of new criminal offenses. *See* Mot. Dismiss, Ex. A. Violation number 5 appears to refer to the instant case:

> Committed a new criminal offense, to wit: promotion of major prison contraband; illegal possession of a Schedule II controlled substance; and illegal possession of a Schedule I controlled substance.

*Id.* at 2.

The Double Jeopardy Clause of the Fifth Amendment prohibits more than one prosecution for the same offense. The parties do not dispute that pursuant to *Puerto Rico v. Sanchez-Valle*, 136 S.Ct. 1863 (2016), a criminal prosecution of a person by the United States on Guam prevents criminal prosecution of that same person by the territorial government based on the same conduct. The issue before the Court is whether the District Court of Guam's

revocation of Defendant's probation and subsequent sentence in his federal case also implicates double jeopardy.

"[P]robation revocation proceedings are not new criminal prosecutions but, rather, are continuations of the original prosecutions which resulted in probation." *People v. Manila*, 2005 Guam 6 ¶ 13 (citations omitted). "Furthermore, courts agree that probation revocation proceedings are not designed to punish a defendant for violation of a criminal law." *Id.* at ¶ 14. "Any sentence imposed as a result of revocation is not premised on the new criminal charges, but derives exclusively from the original sentence on the earlier offense." *Id.* (citation omitted). "Because revocation proceedings are not new criminal prosecutions, and do not punish the defendant for the criminal actions committed while on probation, double jeopardy does not attach at a revocation hearing to bar a trial of the new criminal charges." *Id.* at ¶ 15 (citations omitted). "The application of the above-mentioned principles is dependent, however, upon the underlying premise that in revoking probation, the revocation court limited the imposition of its sentence to the crime for which probation was imposed." *Id.* at ¶ 16.

In this case, Defendant was sentenced in District Court for violations of his federal probation conditions. Although there is reference to the instant local criminal case in the Judgment, it is not clear whether the sentence Defendant was given was an explicit punishment based on the facts from which this instant matter lies, rather than an imposition of a sentence to the crime for which probation was imposed. Defendant's violations of probation also included failing to provide a urine sample, failing to report for drug tests, testing positive for methamphetamine, failing to report for counseling sessions, as well as commission of another criminal offense – Possession of a Schedule II Controlled Substance (approximately 75 gross grams of methamphetamines). *See* Mot. Dismiss, Ex. A at 1-2. Nonetheless, the Court notes that there is a jurisdictional exception to the double jeopardy clause. "Jeopardy can only attach when a court acts in a manner within its jurisdiction and authority." *Manila*, 2005 Guam 6 at ¶ 26. (citations and alterations omitted). Guam law provides that "[a] prosecution is not a bar within the meaning of §§ 1.24, 1.26 and 1.28 under . . . the following circumstances: (a) The former prosecution was before a court which lacked jurisdiction over the defendant or the

offense tried in that court." 9 G.C.A. § 1.30(a) (2018). The Supreme Court of Guam in *Manila* held that "where a defendant is punished or sentenced in a proceeding over which the trial court lacked jurisdiction over the defendant or the offense, later prosecution for the offense is not barred by the double jeopardy clause." 2005 Guam 6 ¶ 27.

As the Government puts forth in its Opposition, the District Court of Guam does not have subject matter jurisdiction over the charges brought against Defendant in the Superior Court of Guam. Federal law provides:

(a) District Court of Guam; unified court system

(1) The judicial authority of Guam shall be vested in a court established by Congress designated as the "District Court of Guam", and a judicial branch of Guam which branch shall constitute a unified judicial system and include an appellate court designated as the "Supreme Court of Guam", a trial court designated as the "Superior Court of Guam", and such other lower local courts as may have been or shall hereafter be established by the laws of Guam.

(2) The Supreme Court of Guam may, by rules of such court, create divisions of the Superior Court of Guam and other local courts of Guam.

(3) The courts of record for Guam shall be the District Court of Guam, the Supreme Court of Guam, the Superior Court of Guam (except the Traffic and Small Claims divisions of the Superior Court of Guam) and any other local courts or divisions of local courts that the Supreme Court of Guam shall designate.

(b) Jurisdiction
The District Court of Guam shall have the jurisdiction of a district court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28, and that of a bankruptcy court of the United States.

(c) Original jurisdiction
In addition to the jurisdiction described in subsection (b), the District Court of Guam shall have original jurisdiction in all other causes in Guam, *jurisdiction over which is not then vested by the legislature in another court or other courts established by it.* In causes brought in the district court solely on the basis of this subsection, the district court shall be considered a court established by the laws of Guam for the purpose of determining the requirements of indictment by grand jury or trial by jury.

48 U.S.C. § 1424 (emphasis added). Guam law establishes the jurisdiction of the Superior Court of Guam over criminal actions under Title 9 G.C.A, including the three offenses Defendant is accused of. *See* 7 G.C.A. § 1112, 3105.

The Court finds that the District Court of Guam did not have fundamental jurisdiction over the Superior Court of Guam charges against Defendant, and therefore any sentence imposed based on Defendant's revocation of probation of his federal case does not preclude further prosecution in the instant matter.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Based on Double Jeopardy. The parties are to return for Further Proceedings on ___March 19, 2018___ at __9 am__.

**IT IS SO ORDERED** this __9th__ day of February, 2018.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam